PAGE, Justice
(dissenting).
The court’s conclusion that the “plain and unambiguous” language of Minn.Stat. § 611A.045, subd. 1 (2014), precludes the district court from considering the victim’s role as aggressor in determining the restitution award ignores the fact that any restitution award in this case would be based on circumstances outside the offense of conviction, and thus outside the criteria listed in section 611A.045, subdivision 1. Thus, the court’s conclusion is neither consistent with the “plain and unambiguous” language of the statute, nor with the just administration of the statute.
Minnesota Statutes § 611A.045, subd. 1(a), provides:
The court, in determining whether to order restitution and the amount of the restitution, shall consider the. following factors:
(1) the amount of economic loss sustained by the victim as a result of the offense; and
(2) the income, resources, and obligations of the defendant.
(Emphasis added.) Under Minn.Stat. § 611A.04, subd. 1(a) (2014), a victim may only receive restitution “as part of the disposition of a criminal charge ... against the offender if the offender is convicted.” (Emphasis added.) Because a criminal *688 conviction is a prerequisite for restitution, the reference to “the amount of economic loss sustained by the victim as a result of the offense ” in Minn.Stat. § 611A.045, subd. 1(a), logically refers to the offense of conviction. By concluding that “offense” refers to the offense of conviction, I am not, as the court asserts, supplying words “purposely omit[ted] or inadvertently overlook[ed]” by the Legislature. Instead, the court interprets “the offense” in a manner that ignores the statutory requirement of a conviction and renders the statute ambiguous. If “the offense” does not refer to the offense of conviction, then what offense does it refer to? An offense of which a defendant has been acquitted? An offense that occurred 5 or even 10 years ago? The only reasonable interpretation of Minn. Stat. § 611A.045, subd. 1(a), is that “the offense” referred to is the offense of conviction.
Accordingly, if, as the court claims, a district court may only consider the factors listed in section 611A.045, subdivision 1(a), in determining the amount of a restitution award, the award of any amount of restitution must be based on economic loss resulting solely from the offense of conviction. But that is not what happened here. In this case, the victim’s request for restitution is based on economic loss resulting from an assault. Riggs, however, did not plead guilty to nor was he convicted of an assault. Instead, Riggs pleaded guilty to and was convicted of making terroristic threats, in violation of Minn.Stat. § 609.713, subd. 1 (2014).[1] In exchange for Riggs’ plea, the State dismissed the assault charge. Therefore, the court is speaking out of both sides of its mouth. It asserts that section 611A.045, subdivision 1(a), provides an “exclusive list” of factors for determining the amount of restitution — a list that does not encompass the circumstances surrounding the offense— but by permitting a restitution award based on the assault the court necessarily considers the circumstances surrounding “the offense.”
To the extent the district court is permitted to consider economic loss resulting from the circumstances surrounding the offense of conviction, i.e., the assault, to determine restitution, the district court should also be permitted to consider the circumstances surrounding the assault— including the victim’s role as aggressor. Such a construction of section 611A.045 is, unlike the court’s interpretation, internally consistent. Further, it is consistent with our precedent. The court seems to view the victim’s role in the assault as too attenuated in its connection to the offense of conviction to be considered in determining “the amount of economic loss sustained by the victim as a result of the offense” under Minn.Stat. § 611A.045, subd. 1(a)(1). Although we have admonished district courts to be careful not to award restitution based on a claim “so attenuated in its cause that it cannot be said to result from the defendant’s criminal act,” State v. Palubicki, 727 N.W.2d 662, 667 (Minn.2007), we have permitted district courts to consider factors far less directly connected to the defendant’s criminal conduct than any role the victim may have played in the circumstances leading up to the offense. *689 For example, in Palubicki we rejected an argument that the expenses incurred by the murder victim’s children in connection with attending the defendant’s trial were “too attenuated from the criminal act” because the victim’s kin “were in court as a direct result of the [defendant’s] crime.” Id. In this case, the victim’s role as aggressor was part and parcel of the incident that was the basis for Riggs’ conviction; this factor is hardly more attenuated in its connection to the offense than the facts the district court was permitted to consider in Palubicki.
For these reasons, I respectfully dissent.

. Minnesota Statutes § 609.713, subd. 1, provides:
Whoever threatens, directly or indirectly, to commit any crime of violence with [the] purpose to terrorize another or to cause evacuation of a building, place of assembly, vehicle or facility of public transportation or otherwise to cause serious public inconvenience, or in a reckless disregard of the risk of causing such terror or inconvenience may be sentenced to imprisonment for not more than five years or to payment of a fíne of not more than $10,000, or both.
(Emphasis added.)